**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESSIE CHAVEZ-VARGAS,

Defendant-Appellant.

No. 07-3120
(D.C. No. 06-CR-20142-JWL)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **HARTZ,** Circuit Judges.

Defendant Jessie Chavez-Vargas pled guilty to one count of conspiracy to

distribute and possess with intent to distribute methamphetamine in violation of

21 U.S.C. § 846. He was sentenced to 262 months in prison, which was at the

high end of the guideline range as determined by the court. His plea agreement

states that he "knowingly and voluntarily waives any right to appeal or

collaterally attack any matter in connection with this prosecution, conviction, and

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

sentence." Mot., Ex. 1 at ¶10. The agreement further explains "[i]n other words, the defendant waives his right to appeal the conviction in this case and waives the right to appeal the sentence imposed in this case except to the extent, if any, the Court departs upward from the applicable Guideline range determined by the Court." *Id.* Mr. Chavez-Vargas appealed from his conviction and sentence and the government has moved to enforce his appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004).[1] We grant the motion and dismiss the appeal.

Under *Hahn*, we will enforce an appeal waiver if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Id.* at 1325. Mr. Chavez-Vargas contends his appeal does not fall within the scope of his appellate waiver.

---

[1] Tenth Circuit Rule 27.2(A)(3) provides that "[i]f possible," a motion to enforce a plea waiver "must be filed within 15 days after the notice of appeal is filed." Rule 27.2(A)(1)(d) requires that the government attach copies of the plea agreement and transcripts of the plea hearing and sentencing hearing. The government notes that it did not file its motion within fifteen days of the filing of the notice of appeal as required by 10th Cir. R. 27.2(A)(3) because it was waiting for the necessary transcripts to become available. The rule provides that a motion may be filed out of time upon a showing of good cause. *Id.* Because the government filed its motion within fifteen days after receiving the transcripts, we conclude that there was good cause for the government's late filing.

Mr. Chavez-Vargas does not explain the nature of his appeal, but he argues that his appeal does not fall within the scope of his appellate waiver because the waiver is ambiguous. Although he acknowledges that the language from his plea agreement quoted above is "admittedly quite plain," he asserts that the following language "casts ambiguity into the analysis." Resp. at 3. That language states: "'The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.'" *Id.* (quoting Mot., Ex. 1 at ¶10). Mr. Chavez-Vargas argues that "[a]lthough [he] has plainly and knowingly waived his right to appeal under 18 U.S.C. § 3742, this Court could reasonably find that the plea agreement's silence on the question of whether [his] appeal waiver includes a waiver of appeal rights under [28] U.S.C. [§] 1291 creates an ambiguity which must be construed against the government." *Id.* This argument is frivolous. Section 1291 does not confer any substantive appellate rights upon Mr. Chavez-Vargas so there was nothing for him to waive; this provision simply states that "courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the [federal] district courts." 28 U.S.C. § 1291. The absence of language in the plea agreement regarding § 1291 does not make Mr. Chavez-Vargas' appellate waiver ambiguous.

Next, Mr. Chavez-Vargas argues that a portion of the plea colloquy "could be construed to contain ambiguity." Resp. at 4. He contends that the following language is ambiguous:

Q.      Bottom line of what you have done in Paragraph 10 [of the plea agreement] is, for all intents and purposes, or certainly *more likely than not, whatever sentence this court gives you is going to be the sentence you're going to serve.* Do you understand?

A.      Yes.

*Id.* at 4 (quoting Mot., Ex. 2 at 17). Mr. Chavez-Vargas asserts that the district court's reference to "'more likely than not,'" could be read to mean that his appeal options are "limited but not completely foreclosed." *Id.* He argues that this ambiguity should be construed against the government and that this court should find that his appeal does not fall within the scope of his appellate waiver. This argument is also frivolous. The plea agreement does contain two exceptions that would allow Mr. Chavez-Vargas to appeal his sentence: (1) if "the Court departs upwards from the applicable Guideline range determined by the Court" or (2) "if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b)." Mot., Ex. 1 at ¶ 10. Because of these exceptions, the district court's language that "more likely than not, whatever sentence this court gives you is going to be the sentence you're going to have serve," Mot., Ex. 2 at 17, is not ambiguous or inconsistent with the plea agreement.

Because there was no ambiguity in the plea agreement or plea colloquy and because this appeal does not fall within either of the two exceptions identified in the plea agreement, we conclude that Mr. Chavez-Vargas' appeal falls within the

scope of the waiver of his appellate rights.  Accordingly, the government's motion is GRANTED and the appeal is DISMISSED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM